```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MICHAEL DALEWITZ,

                            Plaintiff,

             -against-                              24 Civ. 457 (AT)

JUSLAW LLC, JUSGLOBAL, LLC
and BEATRICE O'BRIEN,                               **ORDER**

                            Defendants.
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/2025
```

ANALISA TORRES, District Judge:

      Plaintiff, Michael Dalewitz, filed this action on January 22, 2024. ECF No. 1. By letter dated September 26, Dalewitz informed the Court that the parties had reached a settlement in principle. ECF No. 36. On November 1, Dalewitz moved for specific performance of the parties' settlement agreement. ECF No. 42. By order dated December 28, ECF No. 56, the Court adopted the Honorable Stewart D. Aaron's report on the motion, ECF No. 52, which recommended that the Court find that the agreement at ECF No. 57, Exhibit A, is a valid and enforceable settlement agreement between the parties. By the same order, the Court dismissed the action without costs, and without prejudice to the right to reopen the action within sixty days if settlement were not consummated. ECF No. 56. The Court informed the parties that it would not retain jurisdiction for the purposes of enforcing the settlement agreement unless the agreement was submitted to the Court and made part of the public record within the same sixty-day period.

      On January 3, 2025, Dalewitz moved to reopen the matter for the purposes of enforcing the settlement agreement, representing that Defendants, JusLaw LLC, JusGlobal, LLC, and Beatrice O'Brien, failed to render timely payment under the terms of the settlement. ECF No. 57. Defendants did not respond to Dalewitz's motion. Accordingly, by order dated January 10, the Court reopened the matter and so-ordered the parties' settlement agreement. ECF No. 58.

      On January 23, Dalewitz filed a motion to enforce the so-ordered settlement agreement, accompanied by an unsigned declaration in which his counsel represented that Defendants had committed material breaches of the agreement. ECF Nos. 59, 59-2. Defendants filed a one-page response, in which they acknowledged the breaches in question and did not dispute that Dalewitz is entitled to judgment. *See* ECF No. 60 at 2 (citing ECF No. 57 at 7–8).

      Under the settlement agreement, Defendants were to pay Dalewitz $150,000 across two installments, with the final payment to be made on or before January 31, 2025. ECF No. 57, Exhibit A. As a remedy for the conceded breach of the parties' settlement agreement, Dalewitz seeks judgment in the full amount of the settlement agreement (*i.e.*, $150,000), "plus pre- and post-judgment attorneys' fees and interest." ECF No. 61 at 3.

      Accordingly, by **February 28, 2025**, Dalewitz shall file a proposed judgment. The judgment must specify, for each of the following categories, the precise amounts and/or rates

sought: (1) on the breach, (2) in attorneys' fees, and (3) in pre- and post-judgment interest, respectively. The proposed judgment shall be accompanied by a signed declaration attesting to the facts supporting each component of the judgment, including the amount for the breach, the amount of attorneys' fees sought, and each type of interest sought. Contemporaneous billing records supporting the amount of attorneys' fees sought shall be attached to the declaration. The proposed judgment shall also be accompanied by a memorandum of law, which must address the following issues (but may address other issues as appropriate): (a) the Court's jurisdiction to enforce the settlement agreement; (b) the availability of "pre- and post-judgment attorneys' fees," and the appropriateness of the amount sought under the law; (c) the availability of pre-judgment interest under the law, and the appropriateness of the interest rate and/or amount sought; and (d) the availability of post-judgment interest under the law, and the appropriateness of the interest rate and/or amount sought.

By **March 14, 2025**, Defendants shall respond. By **March 21, 2025**, Dalewitz may file his reply, if any.

SO ORDERED.

Dated: February 14, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge