UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL DALEWITZ,

                                    Plaintiff,

                    -against-

JUSLAW LLC, JUSGLOBAL, LLC
and BEATRICE O'BRIEN,

                                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/25/2025_____

24 Civ. 457 (AT)

**<u>ORDER</u>**

ANALISA TORRES, District Judge:

      Plaintiff, Michael Dalewitz, filed this action on January 22, 2024.  ECF No. 1.  By letter dated September 26, Dalewitz informed the Court that the parties had reached a settlement in principle.  ECF No. 36.  On November 1, Dalewitz moved for specific performance of the parties' settlement agreement.  ECF No. 42.  By order dated December 28, ECF No. 56, the Court adopted the Honorable Stewart D. Aaron's report on the motion, ECF No. 52, which recommended that the Court find that the agreement at ECF No. 57, Exhibit A, is a valid and enforceable settlement agreement between the parties.  By the same order, the Court dismissed the action without costs, and without prejudice to the right to reopen the action within sixty days if the settlement were not consummated.  ECF No. 56.  The Court informed the parties that it would not retain jurisdiction for the purposes of enforcing the settlement agreement unless the agreement was submitted to the Court and made part of the public record within the same sixty-day period.

      On January 3, 2025, Dalewitz moved to reopen the matter for the purposes of enforcing the settlement agreement, representing that Defendants, JusLaw LLC, JusGlobal, LLC, and Beatrice O'Brien, had failed to render timely payment under the terms of the settlement.  ECF No. 57.  Defendants did not respond to Dalewitz's motion.  Accordingly, by order dated January 10, the Court reopened the matter and so-ordered the parties' settlement agreement.  ECF No. 58.

On January 23, Dalewitz filed a motion to enforce the so-ordered settlement agreement. *See* ECF Nos. 59, 59-2. Defendants filed a one-page response, in which they acknowledged the breaches in question and did not dispute that Dalewitz is entitled to judgment. *See* ECF No. 60 at 2 (citing ECF No. 57 at 7–8). Accordingly, the Court ordered Dalewitz to file a proposed judgment with supporting materials and set a briefing schedule for Defendants' response. ECF No. 62.

Under the settlement agreement, Defendants were to pay Dalewitz $150,000 across two installments, with the final payment to be made on or before January 31, 2025. ECF No. 57, Ex. A. The agreement further provides that Defendants must "pay a penalty in the form of reasonable attorney's fees (whether hourly or contingency) paid by Plaintiff to recover any unpaid settlement funds not timely paid by Defendants." *Id.* Accordingly, as a remedy for Defendants' conceded breach of the parties' settlement agreement, Dalewitz seeks judgment in the full amount of the settlement agreement (*i.e.*, $150,000), plus attorney's fees in the amount of $7,507.50—the fees, billed at an hourly rate, that Dalewitz's attorneys have expended enforcing the settlement agreement since Defendants breached the agreement. ECF No. 65-1 ¶ 3. Additionally, Dalewitz seeks pre-judgment interest in the amount of nine percent per annum, running from December 31, 2024—the date of the breach—to the date of judgment. *See id.* ¶¶ 3, 21–25.

Defendants did not file a memorandum of law in opposition to Dalewitz's proposed judgment. Rather, an attorney for Defendants filed a three-page declaration, in which counsel stated that any attorney's fees awarded to Dalewitz should be calculated from December 31, 2024 (and not earlier), and Dalewitz is not entitled to recover attorney's fees for the work of a non-attorney law graduate. ECF No. 64 ¶¶ 6, 9. In his reply, Dalewitz agrees with counsel for

2

Defendants that attorney's fees should run from December 31, 2024, and he has amended his requested award accordingly.  *See* ECF No. 65 at 1.  As for the work billed by the law clerk who recently graduated from law school and is scheduled to be admitted to the New York bar next month, Dalewitz insists that the law clerk's fees are recoverable.  *Id.* at 2–3; ECF No. 65-1 ¶ 16.

As stated, Defendants concede that they breached the settlement agreement by failing to timely pay Dalewitz any portion of the $150,000 he is owed under the agreement.  Defendants have filed no opposition with respect to Dalewitz's requested damages award of $150,000.  Accordingly, having reviewed the parties' settlement agreement and the declarations submitted in connection with this matter, the Court finds that Defendants are jointly and severally liable to Dalewitz in the amount of $150,000 in damages.

The Court also finds that Dalewitz is entitled, under the settlement agreement, to reasonable attorney's fees for time spent enforcing the agreement post-breach.  Dalewitz's requested award of $7,507.50 in attorney's fees based on 42.90 hours billed at a discounted rate of $175 per hour is reasonable.  A review of counsel's contemporaneous billing records does not reveal any unreasonable over-billing, top-heavy billing, or other questionable billing practices, and the Court finds that the hours expended are reasonable.  *See* ECF No. 65-1 ¶ 18.  The Court further finds that the uniform billing rate of $175 per hour is reasonable in light of Dalewitz's retainer agreement, which sets forth a discounted billing rate of $175 per hour, and that it is reasonable to apply that rate to the work of a recent law graduate because courts in this District have found billing rates near $175/hour to be reasonable for paralegals without a law degree.  ECF No. 63-4 ¶ 2(a); *see, e.g.*, *Nat'l Ass'n for Specialty Food Trade, Inc. v. Construct Data Verlag AG*, No. 04 Civ. 2983, 2006 WL 5804603, at *6 (S.D.N.Y. Dec. 11, 2006); *Lewis v. Am. Sugar Refin., Inc.*, No. 14 Civ. 2302, 2019 WL 116420, at *4 (S.D.N.Y. Jan. 2, 2019).  It goes

without saying that the $175 per hour rate is reasonable as applied to the limited hours expended by Bruce Menken, the founding partner of the law firm representing Dalewitz, who ordinarily bills at a rate of $750 per hour.  *See* ECF No. 65-1 ¶¶ 12–14.

Finally, the Court concludes that Dalewitz's unopposed request for pre-judgment interest at a rate of nine percent per annum, calculated based on the $50,000 amount due on December 31, 2024, and the $100,000 amount due on January 31, 2025, to the date of judgment, is proper. *See id.* ¶¶ 21–25; N.Y. C.P.L.R. § 5001.

Accordingly, the Clerk of Court is respectfully directed to enter judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $150,000 in damages, plus pre-judgment interest at a rate of nine percent per annum, based on $50,000 due on December 31, 2024, and $100,000 due on January 31, 2025, to the date of judgment.  Plaintiff is further awarded $7,507.50 in attorney's fees.

SO ORDERED.

Dated: March 25, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge